# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SIDNEY THIGPEN, # M-25710,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-00753-NJR |
| | ) |
| **VIPEN SHAH,** | ) |
| **SUZANN BAILEY,** | ) |
| **DIRECTOR IDOC,** | ) |
| **JACQUELINE LASHBROOK,** | ) |
| **ROBERT SAMOLINSKI,** | ) |
| **and MARK HARTMAN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Sidney Thigpen, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in order to challenge the decision of prison officials in the Illinois Department of Corrections ("IDOC") to serve inmates a soy-based diet (Doc. 1, pp. 4-5). Plaintiff has consumed this diet since December 16, 2011. He claims that the overconsumption of soy has caused him to suffer from a number of persistent and painful health problems, including extreme gas, severe constipation, poor circulation, severe headaches, stomach pain, bloody stools, a torn anus, and depression (*id*. at 4).

Plaintiff has seen Doctor Shah several times to discuss these medical conditions (*id*. at 5). Rather than treating him, however, Doctor Shah instructed Plaintiff to "just drink more water" (*id*.). Doctor Shah responded in the same manner when Plaintiff requested a thyroid hormone level check. He said, "No. What for? Just drink more water" (*id*.). When Plaintiff complained

about prolonged bouts of constipation, the doctor recommended that he simply "push a little harder" (*id*.).

Other IDOC officials ignored Plaintiff's verbal and written complaints on the subject. Plaintiff submitted written complaints about the prison diet, his related health problems, and the denial of medical care to Warden Lashbrook, Warden Spiller,[1] and Suzann Bailey, all "to no avail" (*id*. at 5). He sent several appeals to the IDOC Director and Bailey, but they ignored his appeals. Plaintiff witnessed Counselors Samolinski and Hartman destroy several of his grievances. When he complained about the diet and denial of health care directly to Warden Lashbrook in 2015, the warden said, "You mistake me for somebody who gives a fuck" (*id*.). Warden Lashbrook then threatened Plaintiff with segregation if he continued to complain.

Plaintiff now sues the IDOC Director, Warden Lashbrook, Food Service Administrator Bailey, and Doctor Shah for conspiring to violate his rights under the Eighth and Fourteenth Amendments by adopting a policy of serving a soy-based diet to inmates in the IDOC as a cost-saving measure and denying all medical care for soy-related health problems. He claims that Counselors Samolinski and Hartman mishandled his grievances regarding these issues. In connection with these claims, Plaintiff seeks monetary damages (*id*. at 6).

## Merits Review Under 28 U.S.C. § 1915A

This matter is before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss

---

[1] Although Plaintiff mentions Warden Spiller in his statement of claim, he does not name this individual as a defendant in the case caption or in the list of defendants. When parties are not listed in the complaint's caption, this Court will not treat them as defendants, and any claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** **Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Defendants for denying Plaintiff adequate medical treatment for symptoms he attributes to the overconsumption of soy.**
>
> **Count 3:** **Fourteenth Amendment claim against Defendants for ignoring Plaintiff's grievances regarding the soy diet and denial of medical care for his related symptoms.**
>
> **Count 4:** **Conspiracy claim against Defendants for depriving Plaintiff of a nutritionally adequate diet in an effort to save money.**

As explained below, **Count 1** is subject to further review against the IDOC Director, Warden Lashbrook, and Food Administrator Bailey, but shall be dismissed with prejudice against Doctor Shah, Counselor Samolinski, and Counselor Hartman. **Count 2** shall proceed against Doctor Shah and Warden Lashbrook, but shall be dismissed without prejudice against all other defendants. **Counts 3** and **4** shall be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**Discussion**

*Count 1*

Prison officials are required to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Plaintiff alleges that the defendants adopted a soy-based diet as a cost-saving measure, despite the known negative health consequences associated with the diet. According to the complaint, Plaintiff suffered adverse health consequences soon after he began to consume the diet in 2011. He names the IDOC Director, Warden Lashbrook, Food Administrator Bailey, and Doctor Shah in connection with the decision to offer a soy diet to inmates in IDOC custody.

The allegations are sufficient to state a claim concerning the service of nutritionally inadequate or harmful foods against the IDOC Director, Warden Lashbrook, and Food Administrator Bailey. These defendants are senior level staff within the IDOC and/or Pinckneyville. It stands to reason that they possessed decision-making authority regarding the prison diet.

However, the claim shall be dismissed against all other defendants. In the complaint, Plaintiff does not allege that the prison diet resulted from a policy directive of Doctor Shah, Counselor Samolinski, or Counselor Hartman or that these defendants were involved in food service decisions. Accordingly, **Count 1** shall be dismissed with prejudice against Doctor Shah, Counselor Samolinski, and Counselor Hartman.

*Count 2*

The complaint states a colorable Eighth Amendment deliberate indifference to medical needs claim against Doctor Shah and Warden Lashbrook for denying Plaintiff medical care for

the symptoms he attributes to the overconsumption of soy. Relative to this claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

A medical need is considered "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) the "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) the "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez,* 111 F.3d at 1373.

The symptoms described by Plaintiff include severe pain associated with gastrointestinal distress and headaches. Severe and persistent pain can rise to the level of a serious medical need. *See Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002). This includes complaints of continuous abdominal pain. *See, e.g., Chambers v. Mitchell*, 499 F. App'x 587 (7th Cir. 2013) (neither party disputed that persistent abdominal pain associated with possible constipation qualified as a serious medical need). This may also include severe pain associated with headaches. *See Look v. Heckler*, 775 F.2d 192, 193 (7th Cir. 1985) (severe, untreated headaches

may qualify as an objectively serious medical need). *But see Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (breathing problems, chest pains, dizziness, sinus problems, and headaches resulting from exposure to second-hand smoke were "not sufficiently serious to be constitutionally actionable"); *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) ("a prison medical staff's refusal to 'dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue . . . does not violate the Constitution'"). At this early stage, the Court finds that the symptoms described in the complaint satisfy the objective component of Plaintiff's Eighth Amendment claim in Count 2.

The complaint also suggests that Doctor Shah and Warden Lashbrook exhibited deliberate indifference to Plaintiff's need for medical treatment, satisfying the subjective component of this claim. Deliberate indifference is shown "when a defendant realizes that a substantial risk of serious harm to the prisoner exists, but the defendant disregards that risk." *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). The Seventh Circuit has made it clear that "[n]either medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment." *Id.* at 440 (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)). At the same time, Plaintiff is not required to show that he was "literally ignored." *Id.* (citing *Sherrod*, 223 F.3d 605, 611 (7th Cir. 2000)). A doctor's choice of the "easier and less efficacious treatment" can support a deliberate indifference claim under the Eighth Amendment. *Id.* (citations omitted).

In the complaint, Plaintiff alleges that Doctor Shah essentially ignored his medical needs; Warden Lashbrook likewise allegedly disregarded Plaintiff's direct request for medical care.

The allegations support a claim against both of these defendants at this stage. Accordingly, **Count 2** shall proceed against Doctor Shah and Warden Lashbrook. This claim shall be dismissed without prejudice against all other defendants, however, because the complaint offers no factual allegations or copies of grievances detailing the exact nature of Plaintiff's request for and denial of medical care by these defendants. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference needs claim against non-medical prison officials who knew of plaintiff's serious medical need and inadequate medical care through "coherent and highly detailed grievances and other correspondence" but failed to intervene).

*Count 3*

The complaint does not articulate a Fourteenth Amendment claim against the defendants. Plaintiff complains that prison officials ignored or mishandled the grievances he filed to complain about the soy diet and the adverse health consequences that resulted. They also ignored his appeals. Prison grievance procedures are not constitutionally mandated and give rise to no independent claim under the Fourteenth Amendment Due Process Clause. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, **Count 3** shall be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

*Count 4*

The complaint also supports no conspiracy claim against the defendants. Plaintiff vaguely alludes to a "conspiracy" but offers no factual allegations to support this claim. Claims of conspiracy require a factual foundation to survive preliminary review. *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir. 1999)). The fact that the defendants may have played a role in carrying out the decision to serve soy at the prison does not establish the existence of a conspiracy. No allegations suggest that a decision to this effect was made to harm Plaintiff, or any other prisoner. **Count 4** shall therefore be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate Order of this Court.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Plaintiff's motion for service of process at government expense (Doc. 4) is hereby **GRANTED in part,** with respect to the **IDOC DIRECTOR, JACQUELINE LASHBROOK,**

**SUZANN BAILEY**, and **VIPEN SHAH**, and **DENIED in part**, with respect to **ROBERT SAMOLINSKI** and **MARK HARTMAN**.

### Disposition

IT IS HEREBY ORDERED that **COUNT 1** is **DISMISSED** with prejudice against Defendants **VIPEN SHAH, ROBERT SAMOLINSKI,** and **MARK HARTMAN**; **COUNT 2** is **DISMISSED** without prejudice against Defendants **IDOC DIRECTOR, SUZANN BAILEY, ROBERT SAMOLINSKI,** and **MARK HARTMAN**; and **COUNTS 3** and **4** are **DISMISSED** with prejudice against all of the defendants, all for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that **COUNT 1** is subject to further review against Defendants **IDOC DIRECTOR, JACQUELINE LASHBROOK,** and **SUZANN BAILEY**, and **COUNT 2** is subject to further review against Defendants **JACQUELINE LASHBROOK** and **VIPEN SHAH**. With regard to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **IDOC DIRECTOR, JACQUELINE LASHBROOK, SUZANN BAILEY,** and **VIPEN SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the pending motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 4, 2016**

**NANCY J. ROSENSTENGEL**
**United States District Judge**